**DETROIT EDISON CO., a New York Corporation, Plaintiff In Error, v. MAIN ISLAND CREEK COAL CO., a West Virginia Corporation, Defendant in Error.**

(Circuit Court of Appeals, Fourth Circuit. November 6, 1923.)

No. 2134.

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; George W. McClintic, Judge.

James V. Oxtoby, of Detroit, Mich. (Ernest E. Winters, Jr., of Huntington, W. Va., and Oxtoby, Robison & Hull, of Detroit, Mich., on the brief), for plaintiff in error.

E. L. Hogsett and John H. Holt, both of Huntington, W. Va. (Holt, Duncan & Holt, of Huntington, W. Va., on the brief), for defendant in error.

Before WADDILL, Circuit Judge, and WATKINS and WEBB, District Judges.

WADDILL, Circuit Judge. This is a writ of error to the District Court of the United States for the Southern District of West Virginia, to review the decision of that court rendered on the 5th day of March, 1923, sustaining the demurrer to the plaintiff's declaration, and entering judgment thereon in favor of the defendant. This case involves the liability of the defendant in error to the plaintiff in error for the alleged excessive price for coal sold under a contract entered into between the plaintiff in error and the Wyatt Coal Company, a corporation, which contract as to deliveries subsequent to April 1, 1918, and the expiration of the same, was, by the Wyatt Coal Company by consent of parties, assigned to the defendant in error herein. The specific purpose of the suit is to recover the amount of 35 cents per ton, alleged to be the excess charge on 63,695.95 tons of coal, amounting to $22,295.32, and which the plaintiff in error avers was illegally and unlawfully exacted, and paid under duress and compulsion. The facts in this case, and the questions arising between the parties, are in all respects similar to those under the original contract between the plaintiff in error herein and the Wyatt Coal Co. (C. C. A.) 293 Fed. 489, this day decided in favor of the last-named company, which necessitates an affirmance of the decision of the District Court sustaining the demurrer as aforesaid in this case, and entering judgment against the plaintiff.

Affirmed.